# EXHIBIT "A"

**LOCKS LAW FIRM**
**Andrew J. DuPont, Esquire**
**Attorney I.D. No.: 91305**
**The Curtis Center**
**601 Walnut Street, Suite 720 East**
**Philadelphia, PA 19106**
adupont@lockslaw.com
**T: (215) 893-0100**
**F: (215) 893-3444**

*Attorney for Plaintiffs*



Filed And Attested by the
Office of Judicial Records
02 OCT 2023 11:51 am
B. MERCEDES

### IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY

| | |
|---|---|
| **SANDRA GLASS and EDWARD GLASS**<br>1303 Gabriele Lane<br>Warminster, PA 18974<br><br>**Plaintiffs,**<br><br>v.<br><br>**NEWELL BRANDS, INC., D/B/A**<br>**SUNBEAM PRODUCTS, INC.**<br>6655 Peachtree Dunwoody Road<br>Atlanta, GA 30328<br><br>**JOHN DOE DEFENDANTS 1 through 10,**<br><br>**Defendants.** | **SEPTEMBER TERM, 2023**<br><br>**Case No.: 1381**<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

## NOTICE TO PLEAD
### CODE 2T

You have been sued in this Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are Con
served, by entering a written appearance, personally, or by an attorney, and filing in writing with the Court your defense objections to the claims set forth against you.
You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claims in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

Le han demandado a usted en la corte.  Si desea defenderse
Contra las quejas presentadas es absolutamente necesario que
                        usted responda dentro de 20 dias despues de ser servideo

esta demanda y aviso.  Para defenderse, es necesario que used, o su abogado, registre papa la corte en forma escrita, el punto de vista de usted y cualquier objeccion contra las quejas en esta demanda.
Recuerde: Si usted no reponde a esta demanda, se puede proseguir con el processo sin su participacion.  Entonces, la corte puede, sin notificarlo, decidir a favor del demandante y  requerira que usted cumpla con todas las provisiones de esta demanda.  Por razon
De esa decision, es posible que Usted pueda perder dinero, propiedad o estros derechos importantes.

LLEVE ESTA DEMANDA A UN ABOGADO
         IMMEDIATAMENET.  SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE  DE  PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

## PLAINTIFFS' COMPLAINT

COMES NOW the Plaintiffs, Sandra Glass and Edward Glass, by and through their undersigned counsel complaining of the Defendant, Newell Brands, Inc., d/b/a Sunbeam Products, Inc., and alleges as follows:

### THE PARTIES

1.    Plaintiffs Sandra Glass ("Plaintiff") and Edward Glass live at the address stated above.

2.    Defendant Newell Brands, Inc., d/b/a Sunbeam Products, Inc., ("Defendant") is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located at the address stated above and which at all times relevant

Case ID: 230901381

hereto conducted extensive business in Pennsylvania and engages in the introduction of products into the stream of commerce in Pennsylvania.

3.     JOHN DOES 1 – 10 are corporations, limited liability companies or other business entities which manufactured, produced, processed, compounded, converted, sold, marketed, distributed, supplied, re-labeled and/or otherwise placed into the stream of the subject Pressure Cooker and/or component parts thereof.

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred upon this Court pursuant to 42 Pa.C.S. §5301, since every Defendant continuously and systematically conducts and/or transacts a part of its general business within the Commonwealth of Pennsylvania and the County of Philadelphia, and/or is incorporated under or qualified as a foreign corporation under the laws of this Commonwealth. This court has general personal jurisdiction over the Defendants because they registered with the Pennsylvania Department of State and thereby consented to the general personal jurisdiction of Pennsylvania Courts pursuant to 42 Pa.C.S. § 5301(a)(2)(i)-(ii), 15 Pa.C.S. § 402(d) and 15 Pa.C.S. 376(f). Specific jurisdiction exists over each and every Defendant because Plaintiff was injured by their Pressure Cooker in Pennsylvania.

5.     Venue in this Court is proper pursuant to Pa.R.C.P. 1006 and Pa.R.C.P. 2179, since every Defendant regularly conducts business within the County of Philadelphia, and transactions and occurrences out of which the cause of action arose occurred in Philadelphia County.

## FACTS COMMON TO ALL COUNTS

6.     Plaintiff repeats and re-alleges each and every allegation contained in the Jurisdiction and Venue of this Complaint and incorporates same by reference, as more fully set forth at length herein.

Case ID: 230901381

7.      Plaintiff purchased the Crock-Pot Express Pressure Cooker, Model No. SCCPPC600-V 1, (hereinafter "Pressure Cooker") manufactured by Defendant.

8.      The Pressure Cooker is an electric kitchen appliance designed for efficient preparation of food. The product is designed to prepare meals by cooking liquids inside of a sealed pot which produces steam, the steam is trapped inside of the Pressure Cooker to create pressure. The resulting temperatures produced are expected to cook meals more efficiently.

9.      At all times relevant herein, the Pressure Cooker manufactured by Defendant was in substantially the same condition as when it left control of Defendant.

10.     On or about October 1, 2021, Plaintiff was cooking using the Pressure Cooker at her home in Warminster, Pennsylvania. The Pressure Cooker give a signal indicating that it had finished cooking, that it was no longer under pressure, and that it was safe to open or operate otherwise. Believing the Pressure Cooker to be safe to open, Edward Glass began to open the lid. Suddenly and without warning, the Pressure Cooker exploded causing hot liquid and steam to eject onto Plaintiff resulting in severe burns.

11.     As a direct and proximate result of the explosion of the Pressure Cooker and ejection of hot liquid and steam therefrom, Plaintiff suffered painful burns and permanent scarring to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, injuries, and medical care and treatment. The injuries are permanent in nature and Plaintiff will suffer the losses in the future.

12.     The design, manufacture, sale, and distribution of the Pressure Cooker by Defendant made it defective and not reasonably safe to use resulting in the pressure cooker's hot contents exploding during normal use.

13.     The Pressure Cooker was the subject of a recall.

Case ID: 230901381

14.     Specifically, during ordinary and routine operation, the Pressure Cooker generates heat and steam. When the defect manifests itself, however, the built-up pressure and steam inside the Pressure Cooker causes its contents to explode from the appliance when the lid is opened by the consumer, resulting in significant, painful injury to the consumer.

15.     The defect includes, without limitation, a defective pressure release valve that inaccurately indicates that the built-up pressure and steam has escaped the appliance, a misaligned locking arrow indicator, a locking pin which is too short and/or inadequate to prevent the lid from opening while under pressure, a strike plate made of material inadequate and/or insufficient to prevent the lid from opening while under pressure, a faulty gasket that allows the lid to open despite the presence of significant built-up pressure and steam, inadequate warnings, and/or failures of other purported built-in safety feature(s) designed to prevent the lid from opening until all of the pressure and steam is released (hereinafter "Defect").

16.     At all times relevant herein, Defendant knew or should have known of the Defect but nevertheless sold the Pressure Cooker to Plaintiff, failed to warn Plaintiff of the serious safety risk posed by the Defect and instead represented that safety features were in place to prevent the Defect from occurring, and failed to adequately recall the defective Pressure Cooker despite the risk of significant injuries to consumers and the failure of the product.

17.     As a direct and proximate result of Defendant's concealment of the Defect, failure to warn Plaintiff of the Defect, misrepresentations about its safety features, the inherent safety risk posed by the Pressure Cooker, the failure to remove the defective Pressure Cooker from the stream of commerce, and failure to recall or remedy the Defect, Plaintiff purchased Defendant's defective and unsafe Pressure Cooker when she otherwise would not have.

Case ID: 230901381

18.     The Pressure Cooker at issue failed as a result of the Defect when Plaintiff opened/turned the lid to her Pressure Cooker, causing the contents to erupt from the appliance which resulted in significant, painful personal injuries to Plaintiff.

19.     The Defects at issue posed a substantial safety risk to consumers and the public, including Plaintiff.

20.     Other consumers reported similar horrific experiences as Plaintiff to Defendant prior to Plaintiff's incident. However, Defendant still allowed the Defect to exist and failed to issue any warnings.

## <u>COUNT I – NEGLIGENCE & GROSS NEGLIGENCE</u>

21.     Plaintiff hereby adopts and incorporates by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity.

22.     The Defendant is sued for its negligence as manufacturer, marketer, distributor, and seller of the Pressure Cooker.

23.     Plaintiff used, worked with, and handled and Defendant's Pressure Cooker therefrom, during the ordinary, foreseeable and intended use of the Defendant's Pressure Cooker.

24.     Defendant knew, or in the exercise of reasonable care, could and/or should have known that persons such as Plaintiff would use, worked with, around and handled their Pressure Cooker therefrom.

25.     Defendant knew, should and/or reasonably could have known that the Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

26.     Defendant knew, should and/or could have reasonably known that the means of

Case ID: 230901381

designing, manufacturing, and/or marketing the Pressure Cooker was such that the type of incident and resulting injuries and damages as described herein would have been prevented.

27.    Plaintiff and similarly situated persons did not and could not know of the nature and extent of the Pressure Cooker's Defects, and the danger to their bodies and health, including the risk for burns and permanent scarring caused by the ordinary use and defective nature of Defendant's Pressure Cooker.

28.    Defendant had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant failed to adequately design, equip, and/or manufacture the Pressure Cooker.

29.    Defendant negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

30.    The Defendant had a duty to all consumers to exercise reasonable care in the creation, manufacturing, designing, producing, processing, packaging, marketing, selling, warning, distributing and otherwise placing their Pressure Cooker into the stream of commerce, including a duty to assure that the products did not pose a risk of injury and harm, including burns and permanent scarring.

31.    Defendant breached their duty and were negligent and grossly negligent because, knowing all of the above, they:

    a)  Manufactured, produced, designed, processed, packaged, sold, marketed, re-labeled, supplied, distributed and/or otherwise placed the defective Pressure Cooker into the stream of commerce;

    b)  Failed to take precautions to warn and/or adequately warn Plaintiff about the

Case ID: 230901381

defective Pressure Cooker;

c)  Failed to take precautions to warn and/or adequately warn Plaintiff of the dangers to her health, including the nature and extent thereof, caused by the defective Pressure Cooker, including the risk for burns and permanent scarring;

d)  Failed to design, manufacture market and sell the Pressure Cooker in a condition that did not include the Defects;

e)  Continued to manufacture, produce, process, sell, market, distribute, supply and/or otherwise place the defective Pressure Cooker into the stream of commerce despite knowing its defective and dangerous condition and despite being on notice of injuries caused thereby;

f)  Failed to reasonably, properly and adequately recall the Pressure Cooker;

g)  Failed to reasonably, properly and adequately issue post sale warning to the Plaintiff of the Pressure Cooker's Defects;

h)  Failed and omitted to take all reasonable, necessary, proper and prudent measures to assure that all necessary warnings, notices and instructions as to the defective Pressure Cooker's dangerous nature, and the reasonable and necessary safe guards and procedures for use in conjunction with the defective Pressure Cooker, reached the actual end user, and were complied with by end users including Plaintiff and other persons similarly situated;

i)  Defendant knew, should and/or could have known that the failure to warn and/or adequately warn of the risks, dangers and harm created by the defective Pressure Cooker, and the reasonably safe and sufficient precautions to use with the defective Pressure Cooker, would act as an inducement to Plaintiff and other end users

Case ID: 230901381

similarly situated to purchase and use the Pressure Cooker;

j) Failed to take all reasonable, necessary, proper and prudent measures to test their defective Pressure Cooker to determine the presence of defects and the product's safety during the ordinary, intended and foreseeable use thereof prior to placing the product onto the market;

k) Failed to hire a safe and competent company to manufacture and/or design the Pressure Cooker;

l) Failed to take all reasonable, necessary, proper and prudent measures to make their defective Pressure Cooker safe for its intended and foreseeable use.

m) Failed to research, develop, design, manufacture, produce, market and sell safer alternative products, to wit products which did not contain defects that cause physical harm;

n) Continued to manufacture and sell the Pressure Cooker with defects that cause physical harm despite full knowledge that there were safer alternative products; and

o) For these reasons, Defendant grossly deviated from the ordinary standard of care.

32.    As the direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered from severe burns, permanent scarring, and the medical treatments necessitated thereby, which caused her pain, suffering, disability, disfigurement, deformity, impairment, mental anguish, anxiety, humiliation, and increased susceptibility to infection.

33.    As the direct and proximate result of the Defendant's acts and omissions, Plaintiff was prevented from engaging in those activities from which she derives life's pleasures.

34.    As the direct and proximate result of the Defendant's acts and omissions, Plaintiff has in the past suffered the loss of wages and other economic losses and in the future will sustain

Case ID: 230901381

additional economic losses.

35.     As the direct and proximate result of the Defendant's acts and omissions, Plaintiff was required to spend various sums of money for medical treatments, hospitalizations and medicines, to treat Plaintiff's injuries, and has incurred additional economic expenses and losses, which expenses and loses may continue to accrue.

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs pray for judgment from Defendant, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including punitive damages, costs, interest, and delay damages.

## COUNT II - BREACH OF WARRANTY

36.     Plaintiffs hereby adopt and incorporate by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity.

37.     Defendant, individually, jointly and severally expressly and/or impliedly warranted, including under the Uniform Commercial Code, to Plaintiff and other end users of their Pressure Cooker, who were similarly situated, that the Pressure Cookers, were merchantable, reasonably fit and safe for their intended, stated and described purpose and application, when in fact they were not.

38.     Defendant, individually, jointly and severally breached said warranties to Plaintiff, in that their Pressure Cooker was inherently defective, ultra-hazardous, dangerous, deleterious, unfit for use, not properly merchantable and not safe, as marketed, for their foreseeable use and purpose, in that they contained defects that caused physical harm, including severe burns and permanent scarring, were defectively designed and lacked warnings, instructions and training, or

Case ID: 230901381

adequate and sufficient warnings, instructions and training, as more fully set forth in Counts I, III and IV, and including because:

a) Manufactured, produced, designed, processed, packaged, sold, marketed, re-labeled, supplied, distributed and/or otherwise placed the defective Pressure Cooker into the stream of commerce;

b) Failed to take precautions to warn and/or adequately warn Plaintiff about the defective Pressure Cooker;

c) Failed to take precautions to warn and/or adequately warn Plaintiff of the dangers to her health, including the nature and extent thereof, caused by the defective Pressure Cooker, including the risk for burns and permanent scarring;

d) Failed to design, manufacture market and sell the Pressure Cooker in a condition that did not include the Defects;

e) Continued to manufacture, produce, process, sell, market, distribute, supply and/or otherwise place the defective Pressure Cooker into the stream of commerce despite knowing its defective and dangerous condition and despite being on notice of injuries caused thereby;

f) Failed to reasonably, properly and adequately recall the Pressure Cooker;

g) Failed to reasonably, properly and adequately issue post sale warning to the Plaintiff of the Pressure Cooker's Defects;

h) Failed and omitted to take all reasonable, necessary, proper and prudent measures to assure that all necessary warnings, notices and instructions as to the defective Pressure Cooker's dangerous nature, and the reasonable and necessary safe guards and procedures for use in conjunction with the defective Pressure Cooker, reached

Case ID: 230901381

the actual end user, and were complied with by end users including Plaintiff and other persons similarly situated;

i)  Defendant knew, should and/or could have known that the failure to warn and/or adequately warn of the risks, dangers and harm created by the defective Pressure Cooker, and the reasonably safe and sufficient precautions to use with the defective Pressure Cooker, would act as an inducement to Plaintiff and other end users similarly situated to purchase and use the Pressure Cooker;

j)  Failed to take all reasonable, necessary, proper and prudent measures to test their defective Pressure Cooker to determine the presence of defects and the product's safety during the ordinary, intended and foreseeable use thereof prior to placing the product onto the market;

k)  Failed to hire a safe and competent company to manufacture and/or design the Pressure Cooker;

l)  Failed to take all reasonable, necessary, proper and prudent measures to make their defective Pressure Cooker safe for its intended and foreseeable use.

m) Failed to research, develop, design, manufacture, produce, market and sell safer alternative products, to wit products which did not contain defects that cause physical harm;

n)  Continued to manufacture and sell the Pressure Cooker with defects that cause physical harm despite full knowledge that there were safer alternative products; and

o)  For these reasons, Defendant grossly deviated from the ordinary standard of care.

39.    Defendant's warranties were made both orally and in writing, and Plaintiff is no longer in possession of the written materials upon which such warranties were made.

Case ID: 230901381

40.     As the direct and proximate result of the Defendant's acts and omissions, Plaintiff suffers from severe burns and permanent scarring and the medical treatments necessitated thereby, which cause her pain, suffering, disability, disfigurement, deformity, impairment, mental anguish, anxiety, humiliation, and increased susceptibility to infection.

41.     As the direct and proximate result of the Defendant's acts and omissions, Plaintiff is prevented from engaging in those activities from which he derives life's pleasures.

42.     As the direct and proximate result of the Defendant's acts and omissions, Plaintiff has in the past, continues to and in the future to sustain economic losses.

43.     As the direct and proximate result of the Defendant's acts and omissions, Plaintiff was required to spend various sums of money for medical treatments, hospitalizations and medicines, to treat Plaintiff's injuries, which expenses may continue to accrue, and has incurred additional economic expenses and losses, which expenses and loses may continue to accrue.

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs pray for judgment from Defendant, individually, jointly and severally in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including punitive damages, costs, interest, and delay damages.

## COUNT III - STRICT LIABILITY

44.     Plaintiffs hereby adopt and incorporate by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity

45.     Defendant are and were, at all times material hereto, in the business of manufacturing, refining, designing, producing, processing, packaging, selling, distributing, marketing, re-labeling, supplying and/or otherwise placing into the stream of commerce the

Case ID: 230901381

Pressure Cooker.

46.     The Pressure Cooker was expected to and did reach the Plaintiff without substantial change in the condition in which it was sold.

47.     The Pressure Cooker was defective when it left the Defendant's possession, custody and control.

48.     Defendant's defective Pressure Cooker contained components which, when incorporated into Defendant's finished products, rendered those finished products defective and caused the finished products to be unreasonably dangerous by causing those products to explode with hot liquid and steam.

49.     Plaintiff were the intended and foreseeable users of the Defendant's defective Pressure Cooker, and it was intended by and foreseeable to the Defendant that the defective Pressure Cooker would be used in the manner that the Plaintiff used it in.

50.     The Defendant's Pressure Cooker was defective because:

a)  Manufactured, produced, designed, processed, packaged, sold, marketed, re-labeled, supplied, distributed and/or otherwise placed the defective Pressure Cooker into the stream of commerce;

b)  Failed to take precautions to warn and/or adequately warn Plaintiff about the defective Pressure Cooker;

c)  Failed to take precautions to warn and/or adequately warn Plaintiff of the dangers to her health, including the nature and extent thereof, caused by the defective Pressure Cooker, including the risk for burns and permanent scarring;

d)  Failed to design, manufacture market and sell the Pressure Cooker in a condition that did not include the Defects;

Case ID: 230901381

e)  Continued to manufacture, produce, process, sell, market, distribute, supply and/or otherwise place the defective Pressure Cooker into the stream of commerce despite knowing its defective and dangerous condition and despite being on notice of injuries caused thereby;

f)  Failed to reasonably, properly and adequately recall the Pressure Cooker;

g)  Failed to reasonably, properly and adequately issue post sale warning to the Plaintiff of the Pressure Cooker's Defects;

h)  Failed and omitted to take all reasonable, necessary, proper and prudent measures to assure that all necessary warnings, notices and instructions as to the defective Pressure Cooker's dangerous nature, and the reasonable and necessary safe guards and procedures for use in conjunction with the defective Pressure Cooker, reached the actual end user, and were complied with by end users including Plaintiff and other persons similarly situated;

i)  Defendant knew, should and/or could have known that the failure to warn and/or adequately warn of the risks, dangers and harm created by the defective Pressure Cooker, and the reasonably safe and sufficient precautions to use with the defective Pressure Cooker, would act as an inducement to Plaintiff and other end users similarly situated to purchase and use the Pressure Cooker;

j)  Failed to take all reasonable, necessary, proper and prudent measures to test their defective Pressure Cooker to determine the presence of defects and the product's safety during the ordinary, intended and foreseeable use thereof prior to placing the product onto the market;

k)  Failed to hire a safe and competent company to manufacture and/or design the

Case ID: 230901381

Pressure Cooker;

l) Failed to take all reasonable, necessary, proper and prudent measures to make their defective Pressure Cooker safe for its intended and foreseeable use.

m) Failed to research, develop, design, manufacture, produce, market and sell safer alternative products, to wit products which did not contain defects that cause physical harm;

n) Continued to manufacture and sell the Pressure Cooker with defects that cause physical harm despite full knowledge that there were safer alternative products; and

o) For these reasons, Defendant grossly deviated from the ordinary standard of care.

51.    As the direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered from severe burns and permanent scarring and the medical treatments necessitated thereby, which caused her pain, suffering, disability, disfigurement, deformity, impairment, mental anguish, anxiety, humiliation, and increased susceptibility to infection.

52.    As the direct and proximate result of the Defendant's acts and omissions, Plaintiff was prevented from engaging in those activities from which she derives life's pleasures.

53.    As the direct and proximate result of the Defendant's acts and omissions, Plaintiff has in the past, continues to and in the future to sustain economic losses.

54.    As the direct and proximate result of the Defendant's acts and omissions, Plaintiff was required to spend various sums of money for medical treatments, hospitalizations and medicines, to treat Plaintiff's disease and injuries, and has incurred additional economic expenses and losses, which expenses and loses may continue to accrue.

WHEREFORE, for all of the foregoing reasons, Plaintiffs pray for judgment from Defendant, individually, jointly and severally in an amount in excess of fifty thousand dollars

Case ID: 230901381

($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including punitive damages, costs, interest, and delay damages.

## COUNT IV - INTENTIONAL TORT – BATTERY

55.    Plaintiffs hereby adopt and incorporate by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity.

56.    Defendant committed the intentional tort of battery by causing Plaintiff's exposure to hot liquid and steam knowing that those exposures would cause harm to Plaintiff.

57.    Defendant knew, foresaw and intended that their defective Pressure Cooker was used in the manner in which Plaintiff used it, and that hot liquid and steam would be released into the atmosphere while using the defective Pressure Cooker, and Plaintiff and others similarly situated would work with, dermally absorb, handle, and/or directly and indirectly come into contact with hot liquid and steam, which created a hazardous and unsafe condition and risk to the health of Plaintiff and others similarly situated.

58.    Defendant knew that their Pressure Cooker was inherently defective, ultra-hazardous, dangerous, deleterious, and highly harmful to the Plaintiff and persons similarly situated.

59.    Defendant knew that their products, identified herein, contained defects that caused physical harm, including severe burns and permanent scarring.

60.    Defendant knew that end users, such as the Plaintiff would work with and around, and be exposed to hot liquid and steam as the result of the use of the Defendants' defective Pressure Cooker in the course of the products typical use.

61.    Defendant knew, through information in their possession and control, and other

Case ID: 230901381

information so obvious to them so as to be imputed to them, that hot liquid and steam was capable of causing severe burns and permanent scarring.

62.    Defendant knew, through information in their possession and control, and other information so obvious to them so as to be imputed to them, that there is no safe level of exposure to hot liquid and steam.

63.    Defendant was capable of manufacturing, producing and processing the identified products in a manner that eliminated or significantly reduced their defects which cause physical harm.

64.    Defendant knew, through information in their possession and control, and other information so obvious to them so as to be imputed to them, that their defective Pressure Cooker placed the Plaintiff, and other end users similarly situated, at a significantly increased risk for severe burns and permanent scarring, as a direct and proximate result of the defective Pressure Cooker.

65.    Defendant knew that Plaintiff and other end users similarly situated, did not know of or appreciate that that defective Pressure Cooker was defective, or that the defective Pressure Cooker was capable of causing physical harm, including severe burns and permanent scarring.

66.    Defendant knew that Plaintiff and other end users similarly situated, did not know of the proper and necessary personal protective equipment, appliances, wearing apparel, procedures and practices for use in conjunction with the defective Pressure Cooker to prevent or minimize the risk for physical harm, including severe burns and permanent scarring.

67.    Defendant knew that their failure to warn, instruct, train and advise the Plaintiff of the identified product's defects that cause physical harm, including severe burns and permanent scarring, would act as, and did in fact act as, an inducement for the Plaintiff to use the defective

Case ID: 230901381

Pressure Cooker without necessary and proper personal protective equipment, practices and procedures in order to reduce or eliminate exposure to hot liquid and steam.

68.     Defendant knew that their failures, by intent and omission, to warn, instruct, train and advise the Plaintiff of the identified product's defects and capability of causing physical injury, including severe burns and permanent scarring, would act as, and did in fact act as, an inducement for the Plaintiff to use the product and place herself at risk for physical harm.

69.     Defendant knew that their failures to warn, instruct and train the Plaintiff of the proper and necessary personal protective equipment, work practices and procedure to avoid exposure to hot liquid and steam and the risk of physical harm, including severe burns and permanent scarring, would act as, and did in fact act as, an inducement for the Plaintiff to use the product and place herself at risk for physical harm through the use of their identified products without proper and necessary personal protective equipment, work practices and procedures.

70.     Defendant knew that their failures, by intent and omission, to warn, instruct and train the Plaintiff would cause Plaintiff to take proper precautions to minimize or eliminate any risk from such exposure to hot liquid and steam, seeking medical opinions regarding the true state of her medical condition so she would have no contact with Defendant's defective Pressure Cooker.

71.     Defendant knew that properly and adequately warning, instructing and training the Plaintiff and the general public of the defective Pressure Cooker's defects and capability of causing physical harm, including severe burns and permanent scarring, would be detrimental to their business interests, as such would deter the purchase and use of said products, by the Plaintiff and the general public.

72.     Despite all of this knowledge, Defendant willfully and wantonly, through

Case ID: 230901381

affirmative acts or omissions:

a) Manufactured, produced, designed, processed, packaged, sold, marketed, re-labeled, supplied, distributed and/or otherwise placed the defective Pressure Cooker into the stream of commerce;

b) Failed to take precautions to warn and/or adequately warn Plaintiff about the defective Pressure Cooker;

c) Failed to take precautions to warn and/or adequately warn Plaintiff of the dangers to her health, including the nature and extent thereof, caused by the defective Pressure Cooker, including the risk for burns and permanent scarring;

d) Failed to design, manufacture market and sell the Pressure Cooker in a condition that did not include the Defects;

e) Continued to manufacture, produce, process, sell, market, distribute, supply and/or otherwise place the defective Pressure Cooker into the stream of commerce despite knowing its defective and dangerous condition and despite being on notice of injuries caused thereby;

f) Failed to reasonably, properly and adequately recall the Pressure Cooker;

g) Failed to reasonably, properly and adequately issue post sale warning to the Plaintiff of the Pressure Cooker's Defects;

h) Failed and omitted to take all reasonable, necessary, proper and prudent measures to assure that all necessary warnings, notices and instructions as to the defective Pressure Cooker's dangerous nature, and the reasonable and necessary safe guards and procedures for use in conjunction with the defective Pressure Cooker, reached the actual end user, and were complied with by end users including Plaintiff and

Case ID: 230901381

other persons similarly situated;

i) Defendant knew, should and/or could have known that the failure to warn and/or adequately warn of the risks, dangers and harm created by the defective Pressure Cooker, and the reasonably safe and sufficient precautions to use with the defective Pressure Cooker, would act as an inducement to Plaintiff and other end users similarly situated to purchase and use the Pressure Cooker;

j) Failed to take all reasonable, necessary, proper and prudent measures to test their defective Pressure Cooker to determine the presence of defects and the product's safety during the ordinary, intended and foreseeable use thereof prior to placing the product onto the market;

k) Failed to hire a safe and competent company to manufacture and/or design the Pressure Cooker;

l) Failed to take all reasonable, necessary, proper and prudent measures to make their defective Pressure Cooker safe for its intended and foreseeable use.

m) Failed to research, develop, design, manufacture, produce, market and sell safer alternative products, to wit products which did not contain defects that cause physical harm;

n) Continued to manufacture and sell the Pressure Cooker with defects that cause physical harm despite full knowledge that there were safer alternative products; and

o) For these reasons, Defendant grossly deviated from the ordinary standard of care.

73.     Defendant's acts and omissions were unreasonable in their character, and made in disregard of a risk known to them or so obvious them that they must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.

Case ID: 230901381

74.    Defendant's acts and omission acts and omissions demonstrated a conscious indifference to their consequences, namely causing the Plaintiff to suffer severe burns and permanent scarring.

75.    Defendant intended to cause harmful conduct to the Plaintiff through causing exposure to hot liquid and steam, and did so with the knowledge, belief and intent that such exposure could cause the Plaintiff to suffer severe burns and permanent scarring.

76.    Defendant's intentional conduct in causing the Plaintiff to be exposed to hot liquid and steam, did in fact cause physical harm to the Plaintiff by directly and proximately causing her to suffer from severe burns, permanent scarring, and other injuries and damages as set forth herein.

77.    As the direct and proximate of the aforesaid willful, deliberate, wanton, knowing, purposeful and intentional acts and omissions, Plaintiff suffered from severe burns and permanent scarring and the medical treatments necessitated thereby, which caused her pain, suffering, disability, disfigurement, deformity, impairment, mental anguish, anxiety, humiliation, and increased susceptibility to infection.

78.    As the direct and proximate of the aforesaid willful, deliberate, wanton, knowing, purposeful and intentional acts and omissions, Plaintiff was prevented from engaging in those activities from which she derives life's pleasures.

79.    As the direct and proximate of the aforesaid willful, deliberate, wanton, knowing, purposeful and intentional acts and omissions, Plaintiff has in the past, continues to and in the future will sustain economic losses.

80.    As the direct and proximate of the aforesaid willful, deliberate, wanton, knowing, purposeful and intentional acts and omissions, Plaintiff was required to spend various sums of money for medical treatments, hospitalizations and medicines, to treat Plaintiff's injuries, and has

Case ID: 230901381

incurred additional economic expenses and losses, which expenses and loses may continue to accrue.

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs pray for judgment from Defendant, individually, jointly and severally in an amount in excess of fifty thousand dollars, ($50,000), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including punitive damages, costs, interest, and delay damages.

## COUNT V – FRAUDULENT OMISSION AND MISREPRESENTATION

81.     Plaintiff hereby adopts and incorporates by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity.

82.     In researching, testing, manufacturing, distributing, labeling, and marketing the defective Pressure Cooker, and through their membership and affiliation with various industry and trade organizations, Defendant, and each of them, did so with conscious disregard for the safety of the users of said defective Pressure Cooker, in that said Defendant had prior knowledge that the defects caused physical harm, that there is no safe level of exposure to hot liquid and steam and that there was a high risk of injury resulting from exposure to hot liquid and steam, including severe burns and permanent scarring. Despite this knowledge, the Defendant acted to manipulate public information and knowledge in order to give the impression that their defective Pressure Cooker was safe and to prevent the disclosure of the information available to the Defendant regarding the true and full nature of the health hazards of their defective.

83.     Defendant was aware that users of their defective Pressure Cooker, who would be exposed to hot liquid and steam, had no knowledge or information indicating that their defective Pressure Cooker could cause injury and said Defendant knew that users of their defective Pressure

Case ID: 230901381

Cooker, who were exposed to benzene and benzene-containing solvents, would assume, and in fact did assume, that use of their defective Pressure Cooker was safe, when, in fact, the product was extremely hazardous.

84.    Defendant were aware that their defective Pressure Cooker causes severe burns and permanent scarring. It did not disclose this information to product users.

85.    Defendant knew that there defects that cause physical harm in its products and that its product would cause exposure to hot liquid and steam. It did not disclose this information to product users.

86.    Despite its knowledge that their product contained defects that cause physical harm and that exposure to hot liquid and steam causes severe burns and permanent scarring, Defendant withheld this knowledge and did not warn or otherwise disclose this information. Despite its knowledge that their defective Pressure Cooker contains defects that cause physical harm, Defendant increased the risk for severe burns and permanent scarring by not warning users of the defective Pressure Cooker. Defendant concealed its knowledge of its product's defects that cause physical harm and the health hazards of its products with the knowledge and intent that doing so would induce customers to purchase and end users to use the product. Plaintiff detrimentally relied upon the Defendant's omissions and misrepresentations in deciding to use the product which caused her severe burns and permanent scarring.

87.    Defendant manufactured and sold, or had readily available to them, products which did not contain defects that cause physical harm, yet chose to continue to manufacture and sell the defective Pressure Cooker.

88.    Defendant intentionally, and with intent to defraud the Plaintiff and others similarly situated by concealing a material fact known to the Defendant, did not disclose that their products

Case ID: 230901381

would expose the product user to hot liquid and steam, which was known to cause severe burns and permanent scarring. By concealing the risk of severe burns and permanent scarring from the Plaintiff, Defendant deprived the Plaintiff of her right to know the Defendant's defective Pressure Cooker was safe, her right to control her health and her right to protect herself from exposure to hot liquid and steam, including by not using the products at all.

89.    Defendant, knew that their products would expose the Plaintiff, and others similarly situated, to hot liquid and steam, and that this exposure would place the Plaintiff at an increased risk of suffering from severe burns and permanent scarring. Despite this knowledge, the Defendant, acted in conscious disregard of the rights, safety, and health of those working with and around their products, including the Plaintiff.

90.    The conduct of Defendant, jointly and severally as described above was willful, wanton, knowing, purposeful and intentional, as were their failures and/or omissions, as it related to Plaintiff, and were of such degree and magnitude that they rose to the level of conduct exhibiting a reckless indifference to the health, safety, rights and welfare of Plaintiff.

91.    With this knowledge, Defendant opted to manufacture and distribute said defective Pressure Cooker without attempting to protect users from, or warn users of, the high risk of injury resulting from exposure to hot liquid and steam. Rather than attempting to protect users from, or warn users of, the high risk of injury resulting from exposure to said hot liquid and steam, said Defendant intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from members of the general public, thus impliedly representing to members of the general public that said defective Pressure Cooker was safe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representation, and with knowledge, intent and/or reasonable expectation that the product users would rely upon their

Case ID: 230901381

representations.

92.    The above referenced conduct of Defendant, was motivated by the financial interest of said Defendant in the continuing, uninterrupted distribution and marketing of said defective Pressure Cooker. In pursuance of said financial motivation, said Defendant consciously disregarded the safety of the users of said defective Pressure Cooker, and were, in fact, consciously willing to permit said hot liquid and steam exposing products to cause injury to users therefore, including Plaintiff.

93.    The above referenced conduct of Defendant, was and is willful, malicious, outrageous, and in conscious disregard and indifference to the safety of users of said hot liquid and steam exposing products, including Plaintiff. Plaintiff therefore, for the sake of example and by way of punishing said Defendant, seeks punitive damages, according to proof

94.    Plaintiff relied upon the fraudulent representations, misrepresentations and omissions made by the Defendant and did so to the Plaintiff's detriment causing him harmful hot liquid and steam exposure and injury.

95.    As the direct and proximate result of the aforesaid acts and omissions, Plaintiff suffered from severe burns and permanent scarring and the medical treatments necessitated thereby, which caused her pain, suffering, disability, disfigurement, deformity, impairment, mental anguish, anxiety, humiliation, and increased susceptibility to infection.

96.    As the direct and proximate of the aforesaid acts and omissions, Plaintiff was prevented from engaging in those activities from which she derived life's pleasures.

97.    As the direct and proximate of the aforesaid acts and omissions, Plaintiff has in the past, continues to and in the future will sustain economic losses.

98.    As the direct and proximate result of the aforesaid acts and omissions, Plaintiff was

Case ID: 230901381

required to spend various sums of money for medical treatments, hospitalizations and medicines, to treat Plaintiff's disease and injuries, and has incurred additional economic expenses and losses.

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs pray for judgment from Defendant, individually, jointly and severally in an amount in excess of fifty thousand dollars, ($50,000), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including punitive damages, costs, interest, and delay damages.\

## COUNT V – LOSS OF CONSORTIUM

99.     Plaintiff hereby adopts and incorporates by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity.

100.    At times material hereto, including from the date of the alleged incident to the present, Sandra Glass is and was married to Edward Glass.

101.    As the result of the injuries caused by the Defendant to Sandra Glass, Edward Glass has suffered a loss of consortium.

102.    Edward Glass has lost, continues to lose and in the future will lose the love, companionship, friendship, society, services, and emotional support provided by his wife, Sandra Glass.

103.    Edward Glass has incurred, continues to incur and in the future will incur significant medical and other expenses and costs to care for and treat Sandra Glass' injuries, and to replace the services and support which Sandra Glass would have provided but for the injuries directly and proximately caused by the Defendant's wrongful conduct.

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against the Defendant, jointly and/or severally, in amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00),

Case ID: 230901381

together with such other and further relief as this Court deems just and appropriate under the circumstances including compensatory damages, interest, costs, and delay damages.

Respectfully submitted,

**LOCKS LAW FIRM**

Date: October 2, 2023                    By:    */s/ Andrew J. DuPont*
                                                Andrew J. DuPont, Esquire
                                                *Attorney for the Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was on this date served upon counsel of record, if any, via electronic filing, and upon any unrepresented party by United States Mail, first class, postage prepaid.

Respectfully submitted,

**LOCKS LAW FIRM**

Date: October 2, 2023                    By:    */s/ Andrew J. DuPont*
                                                Andrew J. DuPont, Esquire
                                                *Attorney for the Plaintiffs*

Case ID: 230901381

**GOLDBERG SEGALLA LLP**
BY: **SEAN T. STADELMAN, ESQ.**
**Attorney Id. No. 201636**
**1700 MARKET STREET, SUITE 1418**
**PHILADELPHIA, PA 19103-3907**
T: 267.519.6850
F: 267.519.6801
Email: sstadelman@goldbergsegalla.com

*Attorneys for Defendant,*
*Newell Brands, Inc.,*
*d/b/a Sunbeam Products, Inc.*

*Filed and Attested by the*
*Office of Judicial Records*
*29 SEP 2023 03:04 pm*
*S. GILLIAM*

---

|  |  |  |
|---|---|---|
| SANDRA GLASS AND EDWARD GLASS, | : | IN THE COURT OF COMMON PLEAS |
|  | : | OF PHILADELPHIA COUNTY |
| *Plaintiffs,* | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| NEWELL BRANDS, INC., D/B/A | : | CIVIL ACTION – LAW |
| SUNBEAM PRODUCTS, INC. | : |  |
|  | : |  |
| and | : |  |
|  | : | SEPTEMBER TERM, 2023 |
| JOHN DOE DEFENDANTS 1 through 10, | : |  |
|  | : | NO. 01381 |
| *Defendants.* | : |  |

## ENTRY OF APPEARANCE

To the Office of the Prothonotary:

      Please enter the appearance of Sean T. Stadelman, Esquire on behalf of Defendant, Newell

Brands, Inc., d/b/a Sunbeam Products, Inc. in the above matter.

                                 **GOLDBERG SEGALLA LLP**

Dated:   9/29/2023                      BY:    */s/ Sean T. Stadelman*

                                     **SEAN T. STADELMAN, ESQUIRE**
                                     *Attorneys for Defendant,*
                                     *Newell Brands, Inc.,*
                                     *d/b/a Sunbeam Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within **ENTRY OF APPEARANCE** was served upon all counsel and parties of record via this Court's ECF system and/or U.S. First Class Mail, postage prepaid.

**GOLDBERG SEGALLA LLP**

*/s/ Sean T. Stadelman*
SEAN T. STADELMAN, ESQUIRE

Date:  9/29/2023

Case ID: 230901381